IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK RONALD ELAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-19-223-R |
| | ) |
| JANET DOWLING, Warden, Oklahoma State Penitentiary, *et al.*, | ) |
| | ) |
| Respondents. | ) |

# ORDER

Petitioner Mark Elam, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action challenging his state court conviction, and seeking relief pursuant to 28 U.S.C. § 2254. Doc. No. 1. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to then United States Magistrate Judge Bernard M. Jones[1] for preliminary review. On July 22, 2019 Judge Jones issued his Report and Recommendation. Doc. No. 16. The matter is currently before the Court on Petitioner's timely objection, Doc. No. 17, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Cognizant of its obligation and granting Petitioner's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court adopts the Report and Recommendation.

### I.   Background

---

[1] On October 2, 2019, the President of the United States nominated Judge Jones to serve as a United States District Judge for the United States District Court for the Western District of Oklahoma. The Senate confirmed the nomination on December 19, 2019, and Judge Jones received his judicial commission on December 31, 2019.

On January 4, 2017, the State of Oklahoma charged Petitioner in Kay County, Oklahoma with: (1) felony possession of a stolen vehicle, after former conviction of two or more felonies; (2) felony possession of a controlled dangerous substance, after former conviction of two or more felonies; (3) felony possession of a controlled dangerous substance, after former conviction of two or more felonies, and; (4) misdemeanor eluding/attempting to elude a police officer. Doc. No. 12–1, pp. 4–5. On April 24, 2017, Petitioner entered a blind guilty plea to the four charges that the Kay County District Court later accepted. *See* Doc. No. 12–2, pp. 2:4–8:6. During the sentencing phase of the April 24 hearing, the trial court *sua sponte* recommended that Petitioner be considered for the Kay County adult drug court program. *See* Doc. No. 12–2, pp. 12:23–16:24. The Court continued the sentencing for two weeks so the parties could work out an agreement involving Petitioner's participation in the drug court program. *Id.* at 16:23–24.

According to the parties' agreement, if Petitioner completed the drug court program, the State would recommend suspended 30-year sentences of imprisonment for Counts 1 through 3, dismissal of Count 4, and dismissal of the State's motion to revoke Petitioner's probation in a separate case. Doc. No. 12–1, p. 13. If Petitioner failed to complete the program, however, the State would recommend concurrent 35-year sentences for Counts 1 through 3, which would be suspended only after 30 years, a concurrent 1-year sentence for Count 4, and a concurrent 5-year sentence after revocation of probation in Petitioner's other case. *Id.*

On May 8, 2017, Petitioner agreed, in writing, to enter the drug court program on the above-mentioned terms. *Id.* at 15. On that same day, the agreement was signed and

presented to the trial judge in open court. *Id.* Petitioner failed to complete the drug court program; accordingly, the trial court imposed the alternative sentence dictated by the agreement. Doc. No. 12–3, p. 33:19–21. In the end, the trial court sentenced Petitioner to serve concurrent 35-year sentences for Counts 1 through 3 with the last 5 years suspended, a concurrent 1-year sentence for Count 4, and a concurrent 5-year sentence after revocation of probation in Petitioner's other case. Doc. No. 12–1, p. 13.

Shortly thereafter, Petitioner filed a motion to withdraw his plea, alleging it was entered involuntarily. The trial court denied Petitioner's motion, citing the Drug Court Plea Notices and Waivers form—which detailed information relevant to Petitioner's plea—that was signed by Petitioner, and presented in open court. *See* Doc. No. 12–4, p. 15:13–21.

One month after the hearing, Petitioner filed a petition for certiorari with the Oklahoma Court of Criminal Appeals (OCCA). Doc. No. 12–5. Therein, Petitioner argued that there was insufficient evidence to support his guilty plea on Count 1, that his counsel was ineffective, and that the trial court wrongly denied his motion to withdraw his plea. Doc. No. 12–6. The OCCA denied certiorari. Doc. No. 12–7. Petitioner did not petition the U.S. Supreme Court for a writ of certiorari.

Instead, on March 7, 2019, Petitioner filed a petition for writ of habeas corpus in federal district court. Doc. No. 1. Therein, Petitioner raises three claims that allegedly demand habaes relief. In his first claim, Petitioner alleges there was not a sufficient factual basis for his plea regarding Count 1. *Id.* at 4–7. In his second, Petitioner argues that his counsel was ineffective during the plea proceedings for not requesting a transcript of a hearing and for not explaining to Petitioner the ramifications of his plea. *Id.* at 7–13. In his

3

third and final claim, Petitioner asserts that the trial court abused its discretion in refusing to allow him to withdraw his plea. *See id.* at 14–16.

## II. The Report and Recommendation

Judge Jones recommends the Court deny Petitioner's request for habaes relief. Doc. No. 16. He recommends that the Court deny Petitioner's first claim because the OCCA declined to consider the claim on the merits due to an independent and adequate state procedural bar, which prohibits the Court from reviewing the merits of the claim. *Id.* at 4–6. He further cites to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) which provides that a Petitioner may overcome a procedural bar by demonstrating cause for the default and actual prejudice or by showing that a fundamental miscarriage of justice will occur if the Court does not review the claim on the merits. *Id.* at 6. Ultimately, Judge Jones recommends the Court find that Petitioner fails to overcome the procedural bar because he does not demonstrate cause and prejudice, or a fundamental miscarriage of justice. *Id.* at 6–7.

Next, Judge Jones recommends the Court deny Petitioner's second claim because the OCCA did not unreasonably apply clearly established federal law in denying the claim in the first instance. He submits that while the OCCA found counsel's failure to request a transcript of the plea proceedings deficient, it was correct in finding a lack of prejudice, and thus no ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 10–11. He also recommends the Court find counsel's alleged failure to explain the consequences of entering drug court to be without merit based upon the record, which contradicts Petitioner's assertion. *Id.* at 9–10.

Finally, Judge Jones interprets Petitioner's third claim as alleging his plea was not knowing or voluntary. *Id.* at 12. He recommends the Court deny this claim because Petitioner fails to show by clear and convincing evidence that the OCCA's factual determination—that Petitioner's plea was knowing and voluntary—is incorrect. *Id.* at 13.

### III.  Petitioner's objections

Petitioner first objects to Judge Jones's Report and Recommendation based upon its treatment of Petitioner's first claim. In doing so, Petitioner argues that there is no procedural bar. Doc. No. 17, p. 1–3. He does not, however, address Judge Jones's legal or factual determinations. Rather, he copies and pastes arguments from his petition and reply brief. The Court need not conduct a *de novo* review of Petitioner's recycled arguments. *See Draper v. Martin*, No. CIV-18-1195-R, 2020 WL 891212, at *3 (W.D. Okla. Feb. 24, 2020) (finding petitioner's objections did not trigger *de novo* review where the objections were merely re-assertions of arguments already made in the petition, and addressed in the magistrate's report and recommendation). With that said, the Court concurs with Judge Jones's factual and legal analysis regarding the presence and effect of the OCCA's procedural bar.

Petitioner also asserts—as he did in his reply brief—that he can overcome the procedural bar because his counsel's ineffective assistance demonstrates cause and prejudice, requiring the Court to address his first claim on the merits. Doc. No. 17, pp. 4–5. In the report, however, Judge Jones states that "while ineffective assistance of counsel can provide cause to avoid a procedural default, a petitioner must have raised that specific ineffective assistance of counsel claim in earlier state proceedings." Doc. No. 16, p. 6. He

5

notes that Petitioner never raised the claim of ineffective assistance of counsel that he has raises here, and as a result, it cannot provide cause to avoid the procedural bar. *Id.* Petitioner does not object to either finding. As a result, the Court need not conduct a *de novo* review of the issue. *See Draper*, 2020 WL 891212, at *3. With that said, the Court concurs with Judge Jones's legal and factual conclusions.

Petitioner's second objection—to Judge Jones's analysis of Petitioner's second claim regarding ineffective assistance of counsel—is unclear. Providing Petitioner's filing the liberal construction mandated by *Haines*, the Court interprets his second objection as arguing that, in contradiction of Judge Jones's findings, counsel was in fact ineffective because: 1) he didn't inform Petitioner of the harsher sentence he would receive if he failed drug court, and; 2) his deficient conduct—failing to have the drug court plea hearing transcribed—was prejudicial because it resulted in Petitioner "suffering a lengthier sentence of 35-years." Doc. No. 17, p. 9.

Both objections are without merit. First, as Judge Jones submits, even if counsel was deficient in failing to inform Petitioner that he would receive a higher sentence if he failed drug court, the OCCA reasonably concluded that under *Strickland*, counsel's deficient conduct was not prejudicial. Before sending Petitioner to drug court, the trial court explained to Petitioner the consequence of failing drug court—*i.e.*, that he would receive a harsher sentence of imprisonment—and Petitioner informed the trial court that he understood that consequence. *See* Doc. No. 16, p. 9; Doc. No. 12–2, pp. 12:23–16:24. Moreover, Petitioner agreed to and signed the Drug Court Plea Notice and Waivers form,

which clearly delineated that he would receive a harsher sentence if he failed drug court. Doc. No. 16, p. 9; Doc. No. 12–1, p. 13.

In the same way, the OCCA reasonably applied federal law in concluding that counsel's admittedly deficient conduct in failing to have the drug court plea hearing transcribed for the record was not prejudicial. Petitioner is mistaken when he argues that "prejudice is suffering a lengthier sentence of 35-years." Doc. No. 17, p. 9. To demonstrate prejudice, Petitioner would have to show a reasonable probability that the results of his plea hearing, his motion to withdraw proceeding, or his subsequent appeal would have been different had his drug court plea hearing been transcribed. *See Strickland*, 466 U.S. at 694. To that end, Petitioner asserts that the result of his "sentencing proceeding" would have been different because, had his drug court plea hearing been transcribed, he would have appealed from that proceeding, instead of waiting to appeal the denial of his motion to withdraw his plea. *See* Doc. No. 17, p. 9. Petitioner's assertion regarding the timing of his appeal to the OCCA does not show a reasonable probability that the results of any of the trial court proceedings would have been different had his drug court plea hearing been transcribed. Nor does it demonstrate that the OCCA was unreasonable in its application of *Strickland*'s prejudice standard.

Petitioner's third and final objection—to Judge Jones's analysis of Petitioner's third claim regarding the validity of Petitioner's plea—is difficult to comprehend. After a thorough examination, it appears that Petitioner argues his plea was entered unknowingly and involuntarily because he misunderstood the ramifications of his blind plea. *See* Doc. No. 17, p. 11. As described above, however, the record demonstrates that Petitioner did

understand the ramifications of his blind plea based upon his colloquy with the trial court, *see, e.g.*, Doc. No. 12–2, pp. 4:8–7:11, 12:23–16:24, and his agreement to and signing of the Drug Court Plea Notice and Waivers form, which clearly delineated that Petitioner would receive a harsher sentence if he failed drug court. Doc. No. 12–1, p. 13.

Still, Petitioner objects, arguing that the record is inconsistent because his plea is recorded differently throughout the record—sometimes as a blind plea, other times as a guilty plea, and still other times as a plea of no contest. Doc. No. 17, p. 10–11. Petitioner's objection does not alter the valid conclusions reached in Judge Jones's report. To be sure, the trial court did mention that Petitioner was entering "a plea of no contest" during Petitioner's initial blind plea hearing. Doc. No. 12–2, p. 3:8–9. However, shortly thereafter, the court clarified that Petitioner was in fact pleading guilty to the four counts at issue in the case, and proceeded to detail each count, confirming that Petitioner intended to admit his guilt as to each count, and that he understood the rights he was giving up by entering his plea. *Id.* at 4:8–7:11. The court also made sure to confirm that Petitioner was competent, *id.* at 7:13–18, and upon being granted the opportunity to speak on his own behalf, Petitioner said: "I'm guilty, Your Honor. That's all there is to it." *Id.* at 10:17–18. Moreover, Petitioner told the trial court that he informed his counsel "since the first day [he] met her" that he was "guilty" and was "not going to try to deny any of [the allegations made against him]." *Id.* at 10:25–11:1. Given this record, the Court cannot say that the OCCA unreasonably applied federal law when it found that Petitioner knowingly and voluntarily entered his plea.

### IV.     Petitioner's request for an evidentiary hearing

In his objections, Petitioner also requests the Court hold an evidentiary hearing. Doc. No. 17, p. 11. It is unclear, however, whether Petitioner seeks an evidentiary hearing regarding each of his claims, or only those that were not addressed by the OCCA on the merits. To the extent Petitioner requests an evidentiary hearing on all of his claims, the Court must deny his request. An evidentiary hearing is not required for Petitioner's claims that the OCCA rejected on the merits. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). Nor is such a hearing required for Petitioner's claims that the OCCA rejected on state procedural grounds. As to those claims, Petitioner fails to make the necessary showings required for an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

### V.     Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation, Doc. No. 16. The Court hereby denies the Petition for Writ of Habaes Corpus, Doc. No. 1, filed by Petitioner Elam pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED** this 16th day of July 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE